UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ALVIN BROWN, §
§
Plaintiff, §
VS. § CIVIL ACTION NO. C-10-259
§
WAL-MART STORES, LLC, §
§
Defendant. §

**ORDER**

On this day came on to be considered the Parties' Agreed Motion to Remand. (D.E. 6.) For the reasons discussed below, the Court GRANTS Parties' motion and REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 4 of Nueces County, Texas, where it was originally filed and assigned Cause No. 09-62496-4.

## I. Factual and Procedural Background

On December 18, 2009, Plaintiff Alvin Brown brought this negligence action against Defendant Wal-Mart Stores Texas, LLC ("Wal-Mart") in state court. (D.E. 1, Exh. B.) Plaintiff alleges that he slipped and fell due to liquid on the floor of a Wal-Mart store injuring his knee, ankles, back, shoulders, and neck. (D.E. 1, Exh. A, p. 2.) Defendant was served with process on December 23, 2009. (D.E. 1, p. 1.) Plaintiff's Original Petition states that Plaintiff seeks damages "not to exceed $75,000." (D.E. 1, Exh. A, p. 5.) Defendant received a letter from Plaintiff on June 30, 2010, stating that Plaintiff had back surgery where the original hospital bill was greater that $75,000. (D.E. 1, Exh. E.) Defendant removed this action 30 days later, on July 30, 2010. (D.E. 1.) On August 26, 2010, Plaintiff stipulated that he "cannot obtain a judgment in excess of $75,000[,] exclusive of interests or costs, against Wal-Mart Stores Texas, LLC."

(D.E. 6, Exh. 1, Stipulation.) On the same day, Parties filed an Agreed Motion to Remand. (D.E. 6.)

## II. Discussion

### A. General Removal Principles

A defendant may remove an action from state court to federal court if the federal court possesses subject matter jurisdiction over the action. 28 U.S.C. § 1441(a); see Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). A court, however, "must presume that a suit lies outside its limited jurisdiction." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The removing party, as the party seeking the federal forum, bears the burden of showing that federal jurisdiction is proper. See Manguno, 276 F.3d at 723. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

### B. Removal Based on Diversity Jurisdiction

When the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is: (1) complete diversity of citizenship; and (2) an amount-in-controversy greater than $75,000, exclusive of costs and interests. See 28 U.S.C. § 1332(a).

#### 1. Diversity of Parties

Section 1332(a) requires "complete diversity" of citizenship, and the district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants. See Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003). In removal cases, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. See Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996). In this

case, complete complete diversity exists because Plaintiff is a citizen of Texas and Defendant Wal-Mart is incorporated in Delaware with its principal place of business in Arkansas. (D.E. 1, p. 2.)

**2. Amount in Controversy**

Generally, the amount in controversy for the purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938); De Aguilar v. Boeing Co., 47 F.3d 1404, 1411-12 (5th Cir. 1995). Where it is not “facially apparent” from the complaint that plaintiff’s claims are likely to exceed $75,000, the defendant has the burden to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. See Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995); see also Manguno, 276 F.3d at 723 (“[W]here . . . the petition does not include a specific monetary demand, [the defendant] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.”).

**a. This Court Lacks Diversity Jurisdiction Over This Case**

Plaintiff’s Original Petition states that Plaintiff seeks damages “not to exceed $75,000.” (D.E. 1, Exh. A, p. 5.) Because Plaintiff pleads damages less than the jurisdictional amount required for removal, it is not “facially apparent” from the Original Petition that the amount in controversy requirement has been met. Allen, 63 F.3d at 1335. It is therefore Defendant’s burden to “set forth the facts” showing that the amount in controversy exceeds $75,000, exclusive interest and costs. Id. In determining whether the amount in controversy exceeds the jurisdictional limit, post-removal affidavits and stipulations may be considered “if the basis for jurisdiction is ambiguous at the time of removal.” Gebbia v. Wal-Mart Stores, Inc., 233 F.3d

880, 883 (5th Cir. 2000); see also Mouton v. Balboa Ins. Co., 2010 U.S. Dist. LEXIS 85984, *4 (E.D. La. July 19, 2010).

**i. The Amount in Controversy at the Time of Removal was Ambiguous**

In this case, the amount in controversy at the time of removal was ambiguous. Defendant's removal petition acknowledged that "Plaintiff's Original Petition seeks a monetary amount of damages below the jurisdiction threshold of $75,000," but argued that this Court still had jurisdiction because it appeared from the original hospital bill that "Plaintiff incurred expenses related to back surgery in the amount of $75,395.01." (D.E. 1, p. 1-2.) However, it is not clear from the removal petition whether Defendant is liable for $75,395.01. Defendant does not provide any information regarding whether this surgery was solely related to the accident alleged in Plaintiff's petition. (D.E. 1.) Indeed, in the letter sent to Plaintiff detailing the surgery expense, Plaintiff states he was not seeking more than $75,000, the maximum amount specified in his pleadings. (D.E. 1, Exh. E ("You should pay the maximum available under my pleadings.").)

Parties also admit that the total cost of Plaintiff's treatment was dramatically reduced by Medicare. (D.E. 6, p. 2.) Plaintiff anticipates that the cost of the treatment "paid by Medicare will be closer to $15,000," well below the jurisdiction limit of this Court. (D.E. 6, p. 2.) Because the amount in controversy is ambiguous, this Court will also consider Plaintiff's post-removal stipulation to determine whether this Court has jurisdiction over this matter. See Gebbia, 233 F.3d at 883; see also Mouton, 2010 U.S. Dist. LEXIS 85984 at *4 ("The Court may consider plaintiffs' post-removal stipulation because their petition was ambiguous at the time of removal as it merely stated that damages did not exceed $75,000.").

**ii. Plaintiff's Stipulation Clarifies that the Amount in Controversy is Below the Jurisdictional Requirement**

A stipulation, signed by counsel, that specifically limits the damages Plaintiff will seek is a waiver and a judicial confession on damages. See Mouton, 2010 U.S. Dist. LEXIS 85984 at *11 ("The express waiver made on behalf of plaintiff[] by [his] counsel is a judicial confession."); see also Carr v. CVS Drug Stores, 2008 U.S. Dist. LEXIS 115699, *20 (W.D. Tex. Oct. 3, 2008) (finding Plaintiff "expressly waived any award in excess of th[e] jurisdictional amount" when Plaintiff's counsel signed the stipulation seeking damages below $75,000). When the amount in controversy is ambiguous, and a stipulation states that plaintiff will not seek damages in excess of $75,000, it is proper for the court to remand the actions for lack of subject matter jurisdiction. See Mouton, 2010 U.S. Dist. LEXIS 85984 at *13 (remanding action after considering affidavit signed by plaintiff's counsel limiting damages below the jurisdictional limit); Carr, 2008 U.S. Dist. LEXIS 115699, *20 (same).

In this case, Plaintiff's signed stipulation states: "For the purposes of the incident made the basis of this lawsuit, Plaintiff Alvin Brown stipulates that: (1) he will not seek damages in excess of $75,000 against Wal-Mart Stores Texas, LLC, now or in the future; (2) he cannot recover damages in excess of $75,000 against Wal-Mart Stores Texas, LLC;(3) he cannot obtain a judgment in excess of $75,000[,] exclusive of interest or costs, against Wal-Mart Stores Texas, LLC; [and] (4) this stipulation is irrevocable regardless of any future medical bills, damages or any other reason that Plaintiff would not seek or accept more than $75,000, exclusive interests and costs." (D.E. 6, Exh. 1, Stipulation.) Plaintiff's stipulation is signed by counsel and neither party contests its validity. (D.E. 6.) Through this stipulation, Plaintiff has "expressly waived any claim for damages in excess of the jurisdictional amount." See Mouton, 2010 U.S. Dist. LEXIS 85984 at *11; see also Carr, 2008 U.S. Dist. LEXIS at *20. This stipulation clarifies that

Plaintiff "cannot obtain a judgment in excess of $75,000, exclusive of interests and costs." (D.E. 6, Exh. 1, Stipulation.) In the Agreed Motion to Remand, both Parties admit that the amount in controversy is below the jurisdictional requirement. (D.E. 6.)

This Court finds that Defendant has failed to show by a preponderance of the evidence that this action involves an amount in controversy of more than $75,000, exclusive of costs and interests, as required for this Court to retain diversity jurisdiction. See 28 U.S.C. § 1332; Frank v. Bear Stearns & Co., 128 F.3d 919, 921 (5th Cir. 1997) ("The party invoking the removal jurisdiction of federal courts bears the burden of establishing federal jurisdiction over the state court suit."). Accordingly, this Court must remand this case. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**III. Conclusion**

For the reasons stated above, this Court GRANTS Parties' Agreed Motion to Remand. (D.E. 6.) This case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 4 of Nueces County, Texas, where it was originally filed and assigned Cause No. 09-62496-4.

SIGNED and ORDERED this 2nd day of September, 2010.

Janis Graham Jack
United States District Judge